# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

HOTEL EMPLOYEES AND RESTAURANT EMPLOYEES INTERNATIONAL UNION WELFARE FUND, et al.,

    Plaintiff,

vs.

KEPHART & CORTI PRODUCTIONS, INC., et al.,

    Defendants.

Case No. 2:09-cv-02043-RCJ-PAL

**ORDER**

(Mtn Enlarge Svs Time - Dkt. #26)

This matter is before the court on Plaintiffs' Motion to Enlarge Time for Service of Process (Dkt. #26) filed July 6, 2010. The court has considered the motion.

The Complaint (Dkt. #1) in this case was filed on October 21, 2009 against Defendants Kephart & Corti Productions, Inc. d/b/a the Comedy Stop ("Comedy Stop"), the Tropicana Las Vegas, Inc. ("Tropicana LV"), and Robert Kephart. The Comedy Stop was served with the Complaint (Dkt. #1) on October 27, 2009. *See* Proof of Service, Dkt. #5. To date, the Comedy Stop has not responded, and default was entered by the Clerk of the Court on December 3, 2009. *See* Clerk's Entry of Default, Dkt. #7. Plaintiff filed a Motion for Default Judgment (Dkt. #9) on December 10, 2009 which is currently pending before the District Judge. Defendant Kephart was served with the Complaint (Dkt. #10) on January 12, 2010. Kephart has not answered or otherwise responded, and the Clerk of Court entered default against him on February 17, 2010. *See* Clerk's Entry of Default, Dkt. #14.

Tropicana LV has not yet been served with the Complaint (Dkt. #1) because of a chapter 11 bankruptcy case pending before the United States Bankruptcy Court for the District of Delaware filed by Tropicana Entertainment, LLC and it co-debtors (collectively, the "Debtors"). That case is being

jointly administered as Case No. 08-10856. Plaintiffs contend that although Tropicana LV is not a debtor in the case, and the automatic stay provisions of 11 U.S.C. § 362(a) do not apply to it, they have not served Tropicana LV out of an abundance of caution and are seeking this court's approval, as well as the Bankruptcy Court's approval, before proceeding with their claims against Tropicana LV.

Hotel Ramada of Nevada, a debtor in the bankruptcy case, is a signatory to certain labor agreements with the Culinary Workers Union, Local #226. The liquidating LandCo debtors are successor entities to the Hotel Ramada of Nevada. The LandCo debtors formed a new entity, Tropicana LV, and assumed and assigned the labor agreements to Tropicana LV. Because Tropicana LV is the successor entity to the labor agreements which form the basis of several of Plaintiff's allegations in the Complaint (Dkt. #1), Plaintiffs believe Tropicana LV is a necessary party to this case.

On February 18, 2010, Plaintiffs filed their first Motion to Enlarge Time for Service (Dkt. #17) advising the court of the foregoing and also that Plaintiffs filed a motion for relief from stay regarding their claims against Tropicana LV in this action with the Bankruptcy Court in Delaware. That motion is currently pending. Plaintiffs also filed a Supplement (Dkt. #18) noting that the motion for relief from stay was scheduled to be heard by the Bankruptcy Court on April 7, 2010. On March 15, 2010, the court granted Plaintiffs' Motion to Enlarge Time (Dkt. #17), allowing Plaintiffs until May 7, 2010 to serve Tropicana LV if the Bankruptcy Court granted to requested relief from stay.

On May 7, 2010, Plaintiffs filed a Second Motion to Enlarge Time for Service of Process (Dkt. #21), stating that: (a) issues related to service of Tropicana LV are "bogged down in bankruptcy;" (b) Plaintiffs were currently involved in negotiations with the Debtors regarding a global resolution of Plaintiffs' claims in this action; and (c) based upon the pending settlement negotiations, the hearing on Plaintiff's motion for relief from stay had been continued by stipulation until June 23, 2010. Plaintiffs requested additional time–until July 6, 2010–to serve Defendant Tropicana LV. In an Order (Dkt. #24) entered May 12, 2010, the court granted the Plaintiffs' request.

The instant Motion to Enlarge (Dkt. #26) relies on the facts represented in the two prior Motions to Enlarge (Dkt. ##17, 21) and requests that the court extend the deadline to serve the Complaint on Tropicana LV until September 15, 2010. Plaintiffs represent that there are still a myriad of bankruptcy issues surrounding service upon Tropicana LV, and the motion for relief for stay remains pending

before the Bankruptcy Court. Plaintiffs assert negotiations to effect a global settlement of their claims with the Debtors remain on-going. As a result, the hearing on the motion for relief from stay has been continued by stipulation until September 15, 2010.

Having reviewed and considered the matter,

**IT IS ORDERED** that the Plaintiff's Motion to Extend Time to Serve (Dkt. #26) is GRANTED. Plaintiffs shall have until **October 15, 2010** in which to serve Tropicana LV if the Bankruptcy Court grants the requested relief from stay.

Dated this 15th day of July, 2010.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE