# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

HOTEL EMPLOYEES AND RESTAURANT　　　)
EMPLOYEES INTERNATIONAL UNION　　　　)
WELFARE FUND, et al.,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)　　Case No. 2:09-cv-02043-GMN-PAL
　　　　　　　　　　　　Plaintiff,　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)　　**ORDER**
vs.　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)
KEPHART & CORTI PRODUCTIONS,　　　　)
INC., et al.,　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　Defendants.　　　　)
_____)

　　　　This matter is before the court on Plaintiffs' Proposed Order to Show Cause (Dkt. #52) and Amended Proposed Order to Show Cause (Dkt. #53) submitted to the court on November 4, 2011.

　　　　On July 11, 2011, Plaintiffs filed an *Ex Parte* Application for Order Scheduling Judgment Debtor Examination and Production of Documents (Dkt. #36), seeking to compel Defendant Robert Kephart, in his individual capacity, to appear before the court and produce documents. The court granted the Application in an Order (Dkt. #37) entered July 12, 2011, and directed Defendant Kephart to personally appear before the court on August 9, 2011. On July 13, 2011, Plaintiffs filed a second *Ex Parte* Application for Order Scheduling Judgment Debtor Examination and Production of Documents (Dkt. #38), seeking to compel Defendant Kephart to appear before the court as the person most knowledgeable for Defendant The Comedy Stop and produce documents. The court granted the Application in an Order (Dkt. #40) and directed Defendant Kephart to personally appear before the court on August 9, 2011.

　　　　The court called the judgment debtor examination on August 9, 2011. Neither Defendant Kephart nor his counsel appeared. In response to the court's inquiry, counsel for Plaintiffs represented

that the Orders (Dkt. ##38, 40) scheduling the judgment debtor examination were served upon counsel for Defendant Kephart and also at Defendant Kephart's last known addresses. Plaintiffs' counsel made an oral motion for an order to show cause for Defendant Kephart's failure to appear. The court directed Plaintiffs' counsel to submit a proposed order. On November 4, 2011, counsel for Plaintiffs submitted a Proposed Order to Show Cause (Dkt. #52) and an Amended Proposed Order to Show Cause (Dkt. #53).

The record does not reflect, however, that Defendant Kephart or his counsel received notice of the judgment debtor exam, or the court's orders. Although Plaintiffs' counsel orally represented she served Defendant Kephart and his counsel with the Orders scheduling the judgment debtor examination, the court's docket contains no such record. Plaintiffs did not attach a certificate of service to either Application to Schedule the Judgment Debtor Examination, nor did they file proof of service of the Orders scheduling the judgment debtor exam. Additionally, the court's docket establishes that Defendant Kephart and his counsel did not receive electronic notice of either the Applications or the Orders because the Applications were filed on an *ex parte* basis. Access to *ex parte* Applications and Orders are restricted to the court and the filing party and cannot be accessed by anyone else.

Accordingly,

**IT IS ORDERED** that Plaintiffs' oral motion for an order to show cause is DENIED. Plaintiffs' Proposed Order to Show Cause (Dkt. #52) and Amended Proposed Order to Show Cause (Dkt. #53) are NOT APPROVED and are Denied as the record does not establish that the Defendant Judgement Debtor received notice of the court's orders.

Dated this 8th day of November, 2011.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE