**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| HOTEL EMPLOYEES AND RESTAURANT EMPLOYEES INTERNATIONAL UNION WELFARE FUND, by and through its Fiduciary Tom Zumtobel; SOUTHERN NEVADA CULINARY AND BARTENDERS PENSION TRUST FUND, by and through its Fiduciary Angie Ambrose,<br><br>Plaintiffs,<br>vs.<br><br>KEPHART & CORTI PRODUCTIONS, INC. dba THE COMEDY STOP, a Nevada corporation; TROPICANA LAS VEGAS, INC., a Nevada corporation; ROBERT KEPHART, individually; JOHN DOES 1-5; ROE ENTITIES 1-5,<br><br>Defendants. | Case No.: 2:09-cv-02043-GMN-PAL<br><br>**ORDER** |

Pending before the Court is Defendant Robert Kephart's ("Kephart") Motion to Set Aside Default Judgment (ECF No. 41) filed on August 8, 2011. Plaintiffs Hotel Employees and Restaurant Employees International Union Welfare Fund ("HEREIU") and the Southern Nevada Culinary and Bartenders Pension Trust Fund ("SNCB") (collectively, "the Trust Funds"), filed an untimely Opposition[1] (ECF No. 43) on August 29, 2011, and Kephart filed an untimely Reply on October 12, 2011 (ECF No. 46).

Also before the Court is the Trust Funds' Motion to Strike Kephart's Reply (ECF No. 49), filed on October 12, 2011. Kephart filed an Opposition (ECF No. 50) on October 31, 2011, and the Trust Funds filed a Reply (ECF No. 54) on November 8, 2011.

---

[1] With the Opposition, Plaintiffs requested an extension of time to file the Opposition. Plaintiffs claim that counsel contacted Kephart's Counsel on August 26, 2011 to ask for an extension of time, but was unable to get Kephart's Counsel to agree.

## I. BACKGROUND

Plaintiffs commenced the instant action on October 21, 2009, alleging claims for relief in Breach of Contract, Breach of Fiduciary Duty, and seeking Injunctive Relief. (*See* Compl., ECF No. 1.)  The summons for Kephart issued on October 22, 2009. (Summons Issued, ECF No. 3.) On February 11, 2010, Plaintiffs filed a return of the Summons. (Affidavit of Service, ECF No. 11.)

Plaintiffs first attempted service on January 4, 2010 at 3 Sunset Boulevard, Longport, NJ 08403. (Opposition 4:3–6, ECF No. 43.)  The process server discovered the home to be vacant with a "for sale" sign affixed to the property.  The neighbors reported to the process server that the home had been foreclosed upon and that Kephart had not resided there for months. (*See* Affidavit of Attempts of Service, Ex. 1 attached to Opposition, ECF No. 43–1.)

The process server then attempted to obtain a forwarding address for Kephart from the United States Postal Service.  The process server reported the following:

> 2010-01-05 10:30:00 ATTEMPTED BUT UNABLE TO SERVE[.] I went to Longport PO and submitted forward request form. They reported that the 3 Sunset mail was now forwarded to PO Box 519. I requested the street address info for boxholder of #519 and they reported that it was 3 Sunset Blvd. I advised her of that obvious problem. The clerk put me on the phone with the PO Regional Manager and I explained. He said that they would request a valid street address from the boxholder and that I should check back at the PO. I checked back the next day (1/6/10) and the clerk reported that she had called Kephart on the phone number he had listed on their records and that **he had told her he was living at 2801 Pacific Ave, Ste 306, Atlantic City, NJ 08401**. I advised her that this was his business address, not his residence, which is required on all boxholders. She advised that I speak with the Postmaster about this. I spoke with the Postmaster ('Nancy') in the Atlantic City office, however she advised that I should deal with the regional manager again on this. His phone is 609-822-2404. I called his office and he was out for the day. I left a message. He called on 1/8/10 and stated that he had called Kephart and asked him about the Pacific Ave address. He reported that **Kephart stated to him that he was currently LIVING at this business (The Comedy Stop at the Tropicana casino)**. .....SO... this was the 2nd US Postal Service employee whom he had told he was residing at the Pacific Ave address. (*Emphasis added, all caps in original*.)

(*See* Affidavit of Attempts of Service, Ex. 2 attached to Opposition, ECF No. 43–2.)

Relying on this information, the process server left a copy with John Does, maître d' and bartender, a person of suitable age and discretion at the Comedy Stop, what plaintiffs deem as Kephart's usual place of abode based on the statements of the postal service.  The process server reported the following:

> I went to the Comedy Stop and stated to a front-door employee that I had a delivery for Mr. Kephart. She asked me to wait, went in back, then returned, stating that he was not there. I told her it was a delivery of urgent paperwork and asked if I could speak with whoever was in charge. She showed me back to the apparent maître d' (standing at a seating-chart type podium). I told him I had an important delivery for Kephart. He (and a bartender who was with him) said that he was not there but is there 'sometimes' over the weekends (being evasive). They asked what it was and I told them it was documents of some kind. I said that I could leave it but that I needed a name as to who I left it with. Both refused to give their names. At that point, I told them they were Federal Court papers and that Kephart had stated that he lived at the club, so I was going to leave them. I placed them on the podium. They said that they might 'accidentally fall into the trash'. I held up my cell and started taking a photo. They tried to scatter, but I got the maître d on film (attached). I would say he was 5'10, 175, 35yo, light brown hair.

(*See* Affidavit of Service, Ex. 3 attached to Opposition, ECF No. 43–3.)

Plaintiffs filed their Proof of Service on February 11, 2010. (ECF No. 11) On February 17, 2010 a Clerk's Default was entered against Kephart. (ECF No. 14).  A Notice of Default was mailed to Kephart at the address of the Comedy Stop on the same day. (*See* Certificate of Service, Ex. 4 attached to Opposition, ECF No. 43–4.)

On February 24, 2011, the Plaintiffs filed their application for default judgment against Kephart. (ECF No. 32.)  On this same day, notice of the application was mailed to Kephart at the Comedy Stop address.  Also on the same day, notice was mailed to Kephart's counsel, who at that time had not formally appeared for Kephart in the case.  On or around March 2011, upon receipt of the application for default, Kephart's counsel phoned Plaintiffs' counsel to discuss resolution of the case and the application for default judgment.  On April 11, 2011, the Court awarded Default Judgment in favor of the Plaintiffs and against Kephart. (ECF No. 34.)

In June 2011, Plaintiffs' counsel contacted Kephart's counsel to discuss post-judgment discovery. In response, Kephart's counsel continued to negotiate on Kephart's behalf, even though he still had not made a formal appearance for Kephart. (*See* Correspondence, Ex. 5 attached to Opposition, ECF No. 43–5.) Kephart filed the instant motion to set aside default on August 8, 2011, four months after default judgment was entered. (ECF No. 41.)

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." The Ninth Circuit has held that there are three factors to be considered when weighing whether or not there is good cause: (1) whether the defendant's culpable conduct led to the default; (2) whether the defendant has a meritorious defense; and (3) whether reopening the default judgment would prejudice the plaintiff. *Franchise Holding II, LLC. v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 925 (9th Cir. 2004). "[T]he party seeking to vacate a default judgment bears the burden of demonstrating that these factors favor vacating the judgment." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001). "Judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984).

## III.  DISCUSSION

Kephart contends that the default judgment is void because he was not properly served with the summons and complaint. "A person is not bound by a judgment in a litigation to which he or she has not been made a party by service of process." *Mason v. Genisco Technology Corp.*, 960 F.2d 849, 851 (9th Cir. 1992) (citing *Yniguez v. Arizona*, 939 F.2d 727, 735 (9th Cir.1991) (quoting *Hansberry v. Lee*, 311 U.S. 32 (1940))). Where a default judgment is based on flawed service, such default judgment is void. *Mason*, 960 F.2d at 849.

"Unless service is waived, proof of service must be made to the court," and "[e]xcept for service by a United States marshal or deputy marshal, proof must be by the server's affidavit." Fed. R. Civ. P. 4(*l*)(1). "A signed return of service constitutes prima facie evidence of valid service which can be overcome by strong and convincing evidence." *S.E.C. v. Internet Solutions for Business Inc.*, 509 F.3d 1161, 1163 (9th Cir. 2007). Moreover, a defendant moving to vacate a default judgment based on improper service of process, who had actual notice of the original proceeding but delayed in bringing the motion until after entry of default judgment, bears the burden of proving that service did not occur. *Id.* at 1165.

Kephart argues that service was not proper because leaving a copy of the Summons and Complaint on a podium at his place of business does not satisfy Rule 4. Pursuant to Fed. R. Civ. P. 4 to properly serve an individual a plaintiff must (A) deliver a copy of the summons and of the complaint to the individual personally; (B) leave a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretions who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e)(2) A plaintiff may also effect service by following state law for serving a summon in an action in the state where the district court is located or where service is made. Fed. R. Civ. P. 4(e)(1).

Service of process at the Comedy Stop was not proper in the manner stated in the affidavit. Even if the Court accepts as true that the Comedy Stop was Kephart's usual place of abode the person with whom the summons and complaint was left was not a person who resides there.[2] Plaintiffs never allege or provide proof that the maître d' and bartender also resided at the Comedy Stop. This is essential to Fed. R. Civ. P. 4(e). *See e.g.*, *Franklin America, Inc. v. Franklin Cast Products, Inc.*, 94 F.R.D. 645, 647 (E.D. Mich. 1982) (delivery to part-time housekeeper who did not reside in defendants home not valid service on defendant).

---

[2] Under New Jersey Rules of Civil Procedure a copy can be left at the individual's dwelling place or usual place of abode with competent member of the household . . . residing therein. New Jersey Rules of Civil Procedure 4:4–4.

Accordingly, the Court finds that service of the summons and complaint were not proper and therefore the entry of default judgment is void.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Set Aside Default Judgment (ECF No. 41) is GRANTED.

**IT IS FURTHER ORDERED** that the Motion to Strike (ECF No. 49) is DENIED.

DATED this ___4__ day of April, 2012.

_____
Gloria M. Navarro
United States District Judge